

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

**NOS.**
**WR-57,648-13**
**WR-57,648-14**
**WR-57,648-15**
**WR-57,648-16**

---

**EX PARTE DAMON EARL LEWIS, Applicant**

---

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS**
**CAUSE NOS. 0216853, 0216854, 0216855, AND 0216856**
**IN THE 8TH DISTRICT COURT**
**HOPKINS COUNTY**

---

FINLEY, J., filed a dissenting opinion in which SCHENCK, P.J., joined.

## DISSENTING OPINION

Applicant was convicted in 2002 of four counts of aggravated sexual assault of a child and two counts of indecency with a child by contact for sexually assaulting his stepdaughter C.C. Before the Court is Applicant's -13 thru -16

habeas applications—Applicant's *second* subsequent habeas applications. In each habeas application, Applicant raises three grounds for relief. Applicant's first ground for relief is a due process claim that alleges that the State knowingly or unknowingly used false testimony at Applicant's trial. Applicant's second ground for relief is an Article 11.073 claim premised on SANE Nurse Kim Basinger's change of expert opinion since her testimony at Applicant's trial. And Applicant's third ground for relief is an alternative Article 11.073 claim that relies on general advances in medical research that he argues undermine the scientific validity of hymenal examination testimony, independent of SANE Basinger's change of opinion.

The parties jointly submitted agreed findings of fact and conclusions of law, which the habeas court adopted. The findings of fact and conclusions of law are limited to Applicant's second ground for relief and recommend that this Court grant relief. In filing their agreed findings of fact and conclusions of law, the parties agreed that it was appropriate to defer further development and litigation of Applicant's first and third grounds for relief. Based on this agreement, the habeas court found that further development of Applicant's first and third grounds for relief was unnecessary and abated those grounds for relief. The habeas court asks

this Court to remand for full development of grounds one and three if this Court does not grant relief on Applicant's second ground.

This Court has repeatedly disfavored piecemeal litigation. In *Ex parte Roark*, we explained that "without full presentment and examination of all issues in this application, we only invite piecemeal litigation, which is an inappropriate use of the Great Writ. Generally, all of an applicant's claims should be fully developed and ready to be resolved when the record is transmitted to this Court." 662 S.W.3d 469, 469–70 (Tex. Crim. App. 2021). We have previously remanded similar attempts by habeas courts to engage in piecemeal litigation. *See, e.g.*, *Ex parte Huffman*, No. WR-96,031-01, 2025 WL 1177479, at *1 (Tex. Crim. App. Apr. 23, 2025); *Ex parte Sherrill*, No. WR-79,186-03, 2025 WL 1177960, at *1 (Tex. Crim. App. Apr. 23, 2025); *Ex parte Lucio*, No. WR-72,702-05, 2024 WL 3051367, at *2 (Tex. Crim. App. June 19, 2024); *Ex parte Hopper*, No. WR-94,327-01, 2024 WL 1296740, at *1 (Tex. Crim. App. Mar. 27, 2024).

We should do the same here. Because the Court does not, and instead bucks its normal practice in a "remand for some but not for all" manner, I respectfully dissent.

**Filed: February 12, 2026**
**Publish**